ODELL WALKER v. STATE

No. 31,609. March 2, 1960

126

*Louis A. Caso,* Galveston, for appellant.

*Jules Damiani, Jr.,* Criminal District Attorney, *Thomas L. Douvry,* Assistant Criminal District Attorney, Galveston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a plea of guilty before a jury to an indictment charging the possession of marihuana, with a count charging a prior conviction for possession of heroin. The punishment was assessed at thirty years in the penitentiary.

Before the plea of guilty was received, the careful trial judge explained to appellant the effect of his plea and went fully into the elements thereof and the rights that were waived by such plea.

In person and after such explanation by the trial court, appellant persisted in entering his plea.

The rights of the appellant in entering his plea of guilty could not have been more carefully protected and preserved.

In addition, the trial court appointed an attorney to represent appellant and the attorney was present and advising him throughout the proceedings.

The evidence introduced abundantly established the allegations of the indictment and showed appellant guilty as charged.

Indeed, appellant testified as a witness in the case and admitted the unlawful possession of marihuana.

By motion for new trial, the appellant sought to raise the question of his mentality and introduced evidence in support of his claims. That evidence is before us in a separate statement of facts. It would serve no useful purpose to detail any of those facts, for they do not show or suggest that appellant's mental state was that of insanity to the point of his not being able to distinguish between right and wrong or to know the nature and consequences of his acts.

The facts do suggest that appellant had been a patient in a neurological clinic.

Upon the hearing of his motion for new trial, appellant also sought to raise the issue of discrimination against members of the Negro race, of which he was one, in the organization of the petit jury that tried the case and the grand jury that returned the indictment in this case.

Sufficient answer to this contention is that the facts submitted failed to sustain appellant's contention. There is an entire absence of any proof of discrimination, as claimed.

The judgment is affirmed.